MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
JOSE MARIANO VARELA-ITZMOYOTL,
*individually and on behalf of others similarly*
*situated,*

                      *Plaintiff,*

              -against-

94 CORNER CAFE CORP. (d/b/a 94 CORNER
CAFE),

              *Defendant corporation.*
---------------------------------------------------------X

                   **COMPLAINT**

                   **COLLECTIVE ACTION**
                   **UNDER 29 U.S.C. § 216(b)**

                   **ECF Case**

Plaintiff Jose Mariano Varela-Itzmoyotl ("Plaintiff Varela" or "Mr. Varela"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., and as against Defendant corporation 94 Corner Cafe Corp. (d/b/a 94 Corner Cafe) ("Defendant Corporation"), upon information and belief alleges as follows:

## NATURE OF ACTION

1.     Plaintiff Varela is a former employee of Defendant corporation 94 Corner Cafe Corp. (d/b/a 94 Corner Cafe).

2.     94 Corner Cafe is a diner located at 2518 Broadway, New York, NY 10025.

3.     Plaintiff Varela is a former employee of Defendant corporation.

4.     Plaintiff Varela ostensibly was employed as a delivery worker, but he was required to spend several hours each day performing non-tipped duties unrelated to deliveries,

including but not limited to cleaning the bathroom, cooking bacon, refilling the refrigerator with drinks, stocking deliveries in the basement, taking out the garbage, twisting and tying up cardboard boxes and bringing up items from the basement for the kitchen staff (hereinafter "non-delivery, non-tip duties").

5.      Plaintiff Varela regularly worked for Defendant corporation in excess of 40 hours per week without appropriate minimum wage or overtime compensation for any of the hours that he worked.

6.      Rather, Defendant corporation failed to pay Plaintiff Varela appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendant corporation failed to pay Plaintiff Varela the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8.      Defendant corporation employed and accounted for Plaintiff Varela as a delivery worker in their payroll, but in actuality his duties included a significant amount of time performing the non-delivery, non-tipped duties alleged above.

9.      Regardless of duties, Defendant corporation paid Plaintiff Varela and all other delivery workers at a rate that was lower than the required tip-credit rate.

10.     In addition, under both the FLSA and NYLL, Defendant corporation was not entitled to take a tip credit because Plaintiff Varela's non-tipped duties exceeded 20% of each workday (12 N.Y.C.R.R. § 146).

11.     Upon information and belief, Defendant corporation employed the policy and practice of disguising Plaintiff Varela's actual duties in payroll records to avoid paying Plaintiff Varela at the minimum wage rate, and to enable them to pay Plaintiff Varela at the lower tip-

credited rate (which they failed to do), by designating him as a delivery worker instead of a non-tipped employee.

12.     Defendant corporation' conduct extended beyond Plaintiff Varela to all other similarly situated employees.

13.     At all times relevant to this Complaint, Defendant corporation maintained a policy and practice of requiring Plaintiff Varela and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

14.     Plaintiff Varela now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq*., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

15.     Plaintiff Varela seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendant corporation pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Varela's state law claims is conferred by 28 U.S.C. § 1367(a).

17.     Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendant corporation operate their businesses in this district, and Plaintiff Varela  was employed by Defendant corporation in this district.

## **PARTIES**

### *Plaintiff*

18.     Plaintiff Varela was employed by Defendant corporation from approximately April 2012 until on or about May 2017.

19.     Pursuant to 29 U.S.C. § 216(b), Plaintiff Varela consents to being a party and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendant Corporation*

20.     At all times relevant to this Complaint, Defendant corporation owned, operated, and/or controlled a Diner located at 2518 Broadway, New York, NY 10025 under the name "94 Corner Cafe."

21.     Upon information and belief, 94 Corner Cafe Corp. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 2518 Broadway, New York, NY 10025.

## FACTUAL ALLEGATIONS

*Defendant Constitute Joint Employers*

22.     Defendant operate a Diner located at 2518 Broadway, New York, NY 10025.

23.     Defendant corporation possessed substantial control over Plaintiff Varela's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Varela, and all similarly situated individuals, referred to herein.

24.     Defendant corporation employed Plaintiff Varela, and all similarly situated individuals, and was Plaintiff Varela's (and all similarly situated individuals') employer within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

25.     At all relevant times, Defendant corporation was Plaintiff Varela's employer within the meaning of the FLSA and NYLL.

26.     Defendant corporation had the power to hire and fire Plaintiff Varela, control the terms and conditions of his employment, and determine the rate and method of any compensation.

27.     In each year from 2012 to 2017, Defendant corporation, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

28.     In addition, upon information and belief, Defendant corporation and/or their enterprises are directly engaged in interstate commerce. For example, numerous items that are sold in the Diner on a daily basis, such as sodas and salmon, are produced outside of the State of New York.

*Individual Plaintiff*

29.     Plaintiff Varela is a former employee of Defendant corporation who ostensibly was employed as a delivery worker, but who spent more than 20% of his work days performing the non-delivery, non-tip duties outlined above.

30.     Plaintiff Varela seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Jose Mariano Varela-Itzmoyotl*

31.     Plaintiff Varela was employed by Defendant corporation from approximately April 2012 until on or about May 2017.

47.     At all relevant times, Plaintiff Varela ostensibly was employed by Defendant corporation as a delivery worker. However, Plaintiff Varela spent at least 20% of each work day performing the non-delivery, non-tip duties outlined above.

48.     Plaintiff Varela regularly handled goods in interstate commerce, such as cooking oil and food produced outside of the State of New York.

49.      Plaintiff Varela's work duties required neither discretion nor independent judgment.

50.     Throughout his employment with Defendant corporation, Plaintiff Varela regularly worked in excess of 40 hours per week.

51.     From approximately April 2012 until on or about May 2017, Plaintiff Varela worked from approximately 5:00 a.m. until on or about 4:20 p.m. Fridays through Wednesdays (typically 68 hours per week).

52.     For a period of one week in May 2017, Plaintiff Varela worked from approximately 5:00 a.m. until on or about 1:30 p.m. six days a week (approximately 51 hours).

53.     Throughout his entire employment period, Defendant corporation paid Plaintiff Varela's wages in cash.

54.     From approximately April 2012 until on or about April 2013, Defendant corporation paid Plaintiff Varela a fixed salary of $325 per week.

55.     From approximately April 2013 until on or about December 2014, Defendant corporation paid Plaintiff Varela a fixed salary of $340 per week.

56.     From approximately December 2014 until on or about October 2016, Defendant corporation paid Plaintiff Varela a fixed salary of $360 per week.

57.     From approximately October 2016 until on or about May 2017, Defendant corporation paid Plaintiff Varela a fixed salary of $380 per week.

58.     Plaintiff Varela's wages never varied regardless of how many additional hours he worked in a week.

59.     In fact, throughout his entire employment, Defendant corporation required Plaintiff Varela to start working 30 minutes prior to his scheduled start time and to continue working an additional 20 minutes past his scheduled departure time every day, without paying him any additional compensation.

60.     Defendant corporation never granted Plaintiff Varela a meal break or rest period of any length.

61.     Plaintiff Varela was never notified by Defendant corporation that his tips were being included as an offset for wages.

62.     Defendant corporation never accounted for these tips in any daily, weekly or other accounting of Plaintiff Varela's wages.

63.     Prior to December 2014, Plaintiff Varela was not required to keep track of his time, nor to his knowledge, did the Defendant corporation utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

64.     From approximately December 2014 until on or about May 2017, Defendant corporation required Plaintiff Varela to sign a sheet of paper and a notebook with false information about his pay in order to get paid; Plaintiff Varela complained to the owner about this and the owner told him to leave the job if he did not want to sign the false document.

65.     Defendant corporation never provided Plaintiff Varela with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

66.     Defendant corporation never provided Plaintiff Varela with a written notice, in English and in Spanish (Plaintiff Varela's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

67.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Varela regarding overtime and wages under the FLSA and NYLL.

68.     Defendant corporation required Plaintiff Varela to purchase "tools of the trade" with his own funds—including three bicycles, a motorized bicycle, bicycle maintenance, a uniform and a vest.

*Defendant corporation' General Employment Practices*

69.     Defendant corporation regularly required their employees, including Plaintiff Varela, to work in excess of forty (40) hours per week without paying them the proper minimum wage, overtime, or Spread of Hours compensation.

70.     At all times relevant to this Complaint, Defendant corporation maintained a policy and practice of requiring Plaintiff Varela (and all similarly situated employees) to work in excess of forty (40) hours per week without paying them appropriate minimum wage and/or overtime compensation, as required by federal and state laws.

71.     Defendant corporation never informed their employees, including Plaintiff Varela, that they reduced their hourly wages by a tip allowance.

72.     Defendant corporation habitually required their employees, including Plaintiff Varela, to work additional hours beyond their regular shifts, but never provided them with any additional compensation.

73.     Defendant corporation' pay practices resulted in Defendant corporation' delivery workers, including Plaintiff Varela, never receiving payment for all their hours worked, which resulted in their effective rate of pay falling below the required minimum and overtime wage rate.

74.     Defendant corporation required all delivery workers, including Plaintiff Varela, to perform general non-delivery, non-tipped restaurant tasks in addition to their primary duties as delivery workers.

75.     Plaintiff Varela, and all similarly situated employees, ostensibly were employed as tipped employees by Defendant corporation, although their actual duties included greater or equal time spent performing non-delivery, non-tipped duties.

76.     Plaintiff Varela and all other delivery workers were never paid at the required lower tip-credit rate by Defendant corporation.

77.     However, under state law, Defendant corporation were not entitled to a tip credit because the delivery worker's and Plaintiff Varela's non-tipped duties exceeded 20% of each workday (12 N.Y.C.R.R. § 146). New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he was assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

78.     The delivery workers', including Plaintiff Varela's, duties were not incidental to their occupation as delivery workers, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

79.     In violation of federal and state law as codified above, Defendant corporation classified Plaintiff Varela and other delivery workers as tipped employees, but never paid them at the tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

80.     Defendant corporation paid Plaintiff Varela's wages in cash.

81.     Defendant corporation willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

82.     In fact, Defendant corporation required Plaintiff Varela to sign false documents in order to receive his pay each week.

83.     Defendant corporation failed to post required wage and hour posters in the restaurant, and did not provide their employees, including Plaintiff Varela, with statutorily

required wage and hour records or statements of their pay received, in part so as to hide Defendant corporation' violations of the wage and hour laws, and to take advantage of their employees', including Plaintiff Varela's, relative lack of sophistication in wage and hour laws.

84.     Upon information and belief, these practices by Defendant corporation were done willfully to disguise the actual number of hours Plaintiff Varela (and similarly situated individuals) worked, and to avoid paying Plaintiff Varela properly for (1) his full hours worked, (2) the minimum wage, (3) his spread of hours pay and (4) for overtime due.

85.     Defendant corporation failed to provide Plaintiff Varela and other employees with wage statements at the time of each payment of wages containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

86.     Defendant corporation failed to provide Plaintiff Varela and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal

11

place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

87.     Plaintiff Varela brings his FLSA minimum wage, overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendant corporation, or any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Defendant corporation (the "FLSA Class").

88.     At all relevant times, Plaintiff Varela, and other members of the FLSA Class who are and/or were similarly situated, had substantially similar job requirements and pay provisions, and were subject to Defendant corporation' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage, overtime pay at one and one-half times his regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

89.     The claims of Plaintiff Varela stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

90.     Plaintiff Varela repeats and realleges all paragraphs above as though fully set forth herein.

91.     At all times relevant to this action, Defendant corporation was Plaintiff Varela's employer (and employer of the putative FLSA Class members) within the meaning of the Fair

12

Labor Standards Act.  29 U.S.C. § 203(d).  Defendant corporation had the power to hire and fire Plaintiff Varela (and the FLSA class members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

92.     At all times relevant to this action, Defendant corporation engaged in commerce or in an industry or activity affecting commerce.

93.     Defendant corporation constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

94.     Defendant corporation failed to pay Plaintiff Varela (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

95.     Defendant corporation' failure to pay Plaintiff Varela (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

96.     Plaintiff Varela (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE FLSA OVERTIME PROVISIONS

97.     Plaintiff Varela repeats and realleges all paragraphs above as though fully set forth herein.

98.     At all times relevant to this action, Defendant corporation were Plaintiff Varela's employer (and employer of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act.  29 U.S.C. § 203(d). Defendant corporation had the power to hire and fire Plaintiff Varela (and the FLSA class members), controlled the terms and conditions of

13

employment, and determined the rate and method of any compensation in exchange for his employment.

99.     At all times relevant to this action, Defendant corporation engaged in commerce or in an industry or activity affecting commerce.

100.    Defendant corporation constitute an enterprise within the meaning of the Fair Labor Standards Act.  29 U.S.C. § 203 (r-s).

101.    Defendant corporation, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Varela (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

102.    Defendant corporation' failure to pay Plaintiff Varela (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

103.     Plaintiff Varela (and the FLSA Class members) were damaged in an amount to be determined at trial.


### THIRD CAUSE OF ACTION
### VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

104.    Plaintiff Varela repeats and realleges all paragraphs above as though fully set forth herein.

105.    At all times relevant to this action, Defendant corporation were Plaintiff Varela's employer within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendant corporation had the power to hire and fire Plaintiff Varela (and the FLSA Class members), controlled terms and

conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

106.    Defendant corporation, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Varela (and the FLSA Class members) less than the minimum wage.

107.    Defendant corporation' failure to pay Plaintiff Varela (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

108.    Plaintiff Varela (and the FLSA Class Members) were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF THE OVERTIME PROVISIONS OF THE**
**NEW YORK STATE LABOR LAW**

109.    Plaintiff Varela repeats and realleges all paragraphs above as though fully set forth herein.

110.    Defendant corporation, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Varela   overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

111.    Defendant corporation' failure to pay Plaintiff Varela overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

112.    Plaintiff Varela (and the FLSA class members) were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

15

**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
OF THE NEW YORK COMISSIONER OF LABOR**

113.    Plaintiff Varela repeats and realleges all paragraphs above as though fully set forth herein.

114.    Defendant corporation failed to pay Plaintiff Varela one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Varela's spread of hours exceeded ten hours in violation of NYLL §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

115.    Defendant corporation' failure to pay Plaintiff Varela an additional hour's pay for each day Plaintiff Varela's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

116.    Plaintiff Varela was damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION
VIOLATION OF THE NOTICE AND RECORDKEEPING
REQUIREMENTS OF THE NEW YORK LABOR LAW**

117.    Plaintiff Varela repeats and realleges all paragraphs above as though fully set forth herein.

118.    Defendant corporation failed to provide Plaintiff Varela with a written notice, in English and in Spanish (Plaintiff Varela's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

119.    Defendant corporation are liable to Plaintiff Varela in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION
VIOLATION OF THE WAGE STATEMENT PROVISIONS
OF THE NEW YORK LABOR LAW**

16

120.    Plaintiff Varela repeats and realleges all paragraphs above as though set forth fully herein.

121.    Defendant corporation did not provide Plaintiff Varela with a statement of wages with each payment of wages, as required by NYLL 195(3).

122.    Defendant corporation are liable to Plaintiff Varela in the amount of $5,000, together with costs and attorneys' fees.

**EIGHTH CAUSE OF ACTION**
**RECOVERY OF EQUIPMENT COSTS**

123.    Plaintiff Varela repeats and realleges all paragraphs above as though set forth fully herein.

124.    Defendant corporation required Plaintiff Varela to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as bicycles, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

125.    Plaintiff Varela was damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Varela respectfully request that this Court enter judgment against Defendant corporation by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

17

(b)      Declaring that Defendant corporation violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Varela and the FLSA class members;

(c)      Declaring that Defendant corporation violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Varela and the FLSA class members;

(d)      Declaring that Defendant corporation' violation of the provisions of the FLSA are willful as to Plaintiff Varela and the FLSA class members;

(e)      Awarding Plaintiff Varela and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(f)      Awarding Plaintiff Varela and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)      Declaring that Defendant corporation violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Varela and the members of the FLSA Class

(h)      Declaring that Defendant corporation violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Varela and the members of the FLSA Class;

(i)      Declaring that Defendant corporation violated the Spread of Hours Wage Order of

18

the New York Commission of Labor as to Plaintiff Varela and the members of the FLSA Class;

(j)      Declaring that Defendant corporation' violations of the New York Labor Law were willful as to Plaintiff Varela and the FLSA Class members;

(k)      Awarding Plaintiff Varela and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages as well as awarding spread of hours pay under the NYLL as applicable;

(l)      Awarding Plaintiff Varela damages for Defendant corporation' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m)      Awarding Plaintiff Varela and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the minimum wage, spread of hours pay  and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(n)      Declaring that Defendant corporation' violations of NYLL § 191 were willful as to Plaintiff Varela and the FLSA class members;

(o)      Awarding Plaintiff Varela and the FLSA class members pre-judgment and post-judgment interest as applicable;

(p)       Awarding Plaintiff Varela and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(q)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)      All such other and further relief as the Court deems just and proper.

19

JURY DEMAND

Plaintiff Varela demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
       May 15, 2020

                                    MICHAEL FAILLACE & ASSOCIATES, P.C.


                                    _____/s/ Michael Faillace_____
                                    By:    Michael A. Faillace [MF-8436]
                                           60 East 42nd Street, Suite 4510
                                           New York, New York 10165
                                           (212) 317-1200
                                           *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

September 29, 2017

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                              **Jose Mariano Varela-Itzmoyotl**

                                            Michael Faillace & Associates, P.C.

Legal Representative / Abogado:

Signature / Firma:

                                            29 de septiembre de 2017

Date / Fecha:

*Certified as a minority-owned business in the State of New York*